D-101-CV-202001554 - Thursday, August 27, 2020

# Peter Strojnik

## v.

# Water Street Inn LLC

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-101-CV-202001554 | Wilson, Matthew Justin | 07/20/2020 | SANTA FE  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | WATER STREET INN LLC |
| | ATTORNEY: SMITHKIER GREGORY S. | | |
| P | Plaintiff | 1 | STROJNIK PETER |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 07/20/2020 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Statutes, Ordinance Violations, Miscellaneous |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| STROJNIK PETER | P | 1 |

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 07/20/2020 | 2 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Statutes, Ordinance Violations, Miscellaneous |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 07/20/2020 | 3 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 08/10/2020 | SUMMONS RETURN | | D | 1 | |
| | Civil Summons Return | | | | |
| 07/30/2020 | ENTRY OF APPEARANCE | | D | 1 | |
| | Entry of Appearance on Behalf of Defendants | | | | |
| 07/27/2020 | No Interpreter Needed | | | | |
| | Interpreter Form | | | | |
| 07/27/2020 | REQUEST FOR HEARING/ SETTING | | P | 1 | |
| | Request For Hearing | | | | |
| 07/20/2020 | | | | | |
| | Water Street Inn LLC | | | | |
| 07/20/2020 | OPN: COMPLAINT | | | | |
| | Complaint | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 07/20/2020 | Wilson, Matthew Justin | 1 | INITIAL ASSIGNMENT |

Exhibit A

Exhibit A

ENDORSED
First Judicial District Court

JUL 2 0 2020

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE STATE OF NEW MEXICO**
**1ST JUDICIAL DISTRICT SANTA FE COUNTY**

Case No: D101CV2020 01554

Matthew J. Wilson

PETER STROJNIK,

Plaintiff,

vs.

WATER STREET INN, LLC. dba THE
INN AT VANESSIE,

Defendant.

**COMPLAINT**

1.  Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair Trade Practices Act and (3) common law of negligence and/or negligence per se.

**PARTIES**

2.  Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.

3.  At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

4.  Plaintiff's physical infirmities alleged above do both of the following:

Exhibit B

   a.  Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b.  Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5.  Plaintiff has a history of impairments stated in the preceding paragraph.

6.  Plaintiff is regarded as having a physical conditions that limit major life activities.

7.  Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



8.  Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9.  The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

2

Exhibit B

10. Defendant owns, operates, leases, or leases to a lodging business located at 427 West Water Street, Santa Fe, NM 87501 ("Hotel").

11. On or about May 24, 2020, Plaintiff travelled from his home through Albuquerque to Santa Fe.

12. Prior to traveling to Santa Fe, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.

13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
|---|
| **NO ACCESSIBILITY INFORMATION** |
| **Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii). |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 24, 2020. |



3

Exhibit B

VANESSIE SANTA FE
NEW MEXICO

# RECOMMENDED ON

tripadvisor®

**RESORT FEE - $30.00/PER ACCOMMODATION PER NIGHT**

Vanessie charges a resort fee of $30, per accommodation, per day. This will be charged to your incidental card on file or may be remitted in Cash. Below is the complete list of amenities included with your daily Resort Fee.

- Local Calls
- In-room Bottled Water
- In-room Coffee
- Designer Toiletries
- Daily Newspaper
- Bathrobes
- Hot Continental Breakfast
  [View Complete Breakfast Menu]

- First Bundle of Firewood ($10 per bundle afterward)
- Premium Bedding with Frette Italian Sheets
- Vanessie 24hr Fitness Room
- On-site Parking
- Late Check-out
- Room Service (Limited Hours)
- Historical Preservation (Historic District)

**CUSTOMIZE YOUR EXPERIENCE OF A LIFETIME BY HOSTING YOUR EVENT AT THE FENIXE AT VANESSIE ...**

Plan more than just your stay with us. At the Fenix at Vanessie, we have many options perfect for any occasion such as wedding parties, business conferences and other special group meetings and events that require lodging, great food and top entertainment – everything you need is at your fingertips in our little slice of heaven.

Awarded to The Inn at Vanessie
Hotels.com

**4.5**/5 Excellent
The Inn at Vanessie
Hotels.com

**91%** of guest recommend The Inn at Vanessie
travelocity

**504** Verified Hotels.com guest reviews The Inn at Vanessie
Hotels.com

14. Plaintiff personally visited Defendant's Hotel on or about May 24, 2020.

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

Exhibit B

16. Plaintiff documented that the parking space was in violation of the ADA:



**PERSONAL ENCOUNTERS WITH BARRIERS**

**Identification.**

5

Accessible parking level too steep.

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



No vertical signage for accessible parking.

23
24
25
26
27
28

Exhibit B

No flares on ramp – encroachment on accessible parking.

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking level too steep.

Exhibit B

Open risers throughout.

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No handrails on stairs

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperl configured handlebars.

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No handrails on right.

13

Exhibit B

Inaccessible entrance with no signage to accessible route.

14

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Msues of potentially accessible route.

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Uneven surface on potentially accessible route.

Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Dangerous dip on walking surface (uneven surface).**

Exhibit B

**V**anessie
santa fe

*Entire hotel inaccessible*

Inn at Vanessie Santa Fe
427 West Water Street Santa Fe, NM 87501
Inn: 505-984-1193 Restaurant: 505-982-9966

| Completely inaccessible. |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 24, 2020. |

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's

performance of major life activities including walking, standing, sitting, bending,

sleeping, working, climbing stairs, kicking, jumping, twisting body, running,

18

Exhibit B

reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.

19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.

20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above.

21. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

22. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.

23. The removal of accessibility barriers listed above is readily achievable.

24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

25. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

19

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

<u>**COUNT II**</u>
**(Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)**

26. Plaintiff realleges all allegations heretofore set forth.

27. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices defined, in part, as follows:

57-12-2 Definitions:

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

   (1) representing goods or services as those of another when the goods or services are not the goods or services of another;

   (2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

   (3) causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

          ***

   (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

          ***

   (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive.

28. Defendant charges a resort fee of $30.00 for, inter alia, "on-site parking".

29. Despite the charge of $30.00 for "on-site parking", Defendant does not provide ADAAG compliant parking on site for persons with disabilities.

20

Exhibit B

30. The statement that Defendant provides "on-site parking" in exchange for a $30.00 fee is false.

31. Defendant also represents that its lodging services are of particular standard, to wit:



32. Defendant's representations creates the impression that any guest visiting Defendant's Hotel will be greeted with exceptional and excellent lodging facilities.

33. Defendant's representation does not, however, also state that mobility impaired guests will be met with an inaccessible public accommodation the true rating of which is or should be, for a mobility impaired person, less than or just barely adequate, but in no event exceptional or excellent.

34. Defendant's statements regarding its standard, quality or grade are false and fraudulent as applicable to disabled individuals.

35. Defendant's description of standard, wuality and grade raise the innuendo that it applies to all guests, not just fully abled guests, and thus creates a false and fraudulent impression.

36. Plintiff has been damaged by Defendant's violation of the UPA in an amount to be proven at trial, but in no event less than $25,000.00.

37. Defendant's lack of recognition of the rights of the disabled displayed in its marketing website, and its treatment of disabled individuals as fully bodies, is socially reprehensible and displays Defendant's ableism and segregationism.

Exhibit B

38. Defendant's conduct alleged in this Count and elsewhere in this Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages[1].

    WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

   A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

   B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

   C. For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

   D. For costs and attorney's fees; and

   E. For leave to amend this Complaint to add class action allegations; and

   F. For such other and further relief as the Court may deem just and proper.

## COUNT III
Negligence

39. Plaintiff realleges all allegations heretofore set forth.

[1] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187, 148 NM.* 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

22

40. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. Defendant breached this duty.

42. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

43. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

44. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

45. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.

46. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

47. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

48. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

[2] 42 U.S.C. §12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)

Exhibit B

49. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

50. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

51. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

52. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

53. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

54. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

55. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

56. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

57. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

58. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation

[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

Exhibit B

to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

59. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence and/or negligence per se; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 22nd day of June, 2020

             **PETER STROJNIK**

             Plaintiff

25

# Scheuer Law Firm, LLC

Ralph H. Scheuer | Attorney at Law

123 E. Marcy St., Suite 101
Santa Fe, New Mexico 87501

Post Office Box 9570
Santa Fe, New Mexico 87504

(505) 982-9911
Email: rhs@santafelawyers.com
www.santafelawyers.com

July 28, 2020

Dr. Ronald A. Bulard
2401 North Commerce Street
Ardmore, Oklahoma  73401

    **Re:**    *Water Street Inn, LLC*

Dear Dr. Bulard:

    Enclosed please find Complaint filed in the First Judicial District Court of Santa Fe County in the matter titled Peter Strojnik v. Water Street Inn, LLC dba The Inn at Vanessie, in Case No. D-101-CV-2020-01554, together with Interpreter Form and Request for Hearing.  These documents were served earlier today on Ralph Scheuer, the registered agent for Water Street Inn, LLC.  Please let us know if you have any questions.

        Sincerely yours,

        Carla Henson, Paralegal

/clh
Enclosures

Exhibit C

14281

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_
FIRST JUDICIAL DISTRICT COURT

Peter Strynik
Petitioner/Plaintiff,

vs.                                                   Case No. D101CV 2020 01554

Water Street Inn CLC
Respondent/Defendant C/O Ralph Scheure

REQUEST FOR HEARING

1. Type of case:  NON JURY

2. Judge to whom assigned: _____ Matthew J. Wilson _____

3. Are there any hearings presently set? ____ Yes  ╳  No

4. Specific matters to be heard: _____ N/A _____

5. Does either party need an interpreter for this hearing? ____ Yes  ╳  No *(If you checked Yes you must file an Interpreter Form. You can get the form from the Self Help Center or the Clerk's Office.)*

6. Estimated total time required for hearing all parties and witnesses: __ N/A __

_____
Signature  Peter Strynik
Print Name
    7847     N. Central
Print Address
   Phoenix     AZ   85020
City/State/Zip/Telephone

**Mailing Address for Other Party's
Attorney**

_____

_____

_____

**Mailing Address for Other Party**
   Water Street Inn LLC
   725 Lincoln Ave. #223
   Santa FE, NM 87501

**Remember:  It is your obligation to promptly mail or serve a copy to the other party.**

Exhibit C

STATE OF NEW MEXICO
COUNTY OF Santa Fe
FIRST JUDICIAL DISTRICT COURT

Case No.: D- 101 CV 2020-01554

Peter Strojnik

Petitioner/Plaintiff,

vs.

Water street Inn LLC

Respondent/Defendant.

**This form must be
filled out.**

## INTERPRETER FORM

1.  Do you need an interpreter?: [ ] Yes [X] No

2.  An interpreter is requested for: [ ] Petitioner/Plaintiff [ ] Respondent/Defendant
    [ ] Witness in matter
    **(This party request is for the entire case.)**

3.  The type of interpreter needed: [ ] Spanish  [ ] American Sign Language
    [ ] _____ speaker
    *(language)*

Dated: 7-22-20

*A copy of this Request was:*
[ ] *mailed to the address set forth below*
[ ] *hand delivered to the address set forth below*

On_____ *to:*
        *Date*
[ ] *Petitioner/Plaintiff pro se*
[ ] *Respondent/Defendant pro se*
[ ] *Intervenor*

_____
*(Street Address)*

_____
*(City, State and Zip Code)*

Peter Strojnik

*(Name)*

[ ] *Petitioner/Plaintiff Pro Se*
[ ] *Respondent/Defendant Pro Se*
7847 N. Central Ave
*(Street Address)*
Phoenix  AZ  85020
*(City, State and Zip Code)*
602 324 6602
*(Telephone Number – Indicate If None)*

Court Constituent Services Division/Pro Se Services/Forms

Exhibit C

ENDORSED
First Judicial District Court

JUL 2 0 2020

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone: (602) 524-6602
   ps@strojnik.com
4

5            IN THE STATE OF NEW MEXICO
6        1ST JUDICIAL DISTRICT SANTA FE COUNTY
7                                  Case No: D101CV202001554
8                                          Matthew J. Wilson
   PETER STROJNIK,                      COMPLAINT
9                        Plaintiff,
10
         vs.
11
   WATER STREET INN, LLC. dba THE
12 INN AT VANESSIE,
13
                        Defendant.
14

15
16  1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42
17     U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department
18     of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair
19     Trade Practices Act and (3) common law of negligence and/or negligence per se.
20                              **PARTIES**
21  2. Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.
22  3. At all times relevant hereto, Plaintiff suffered from the following physical disabilities:
23     prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural
24     foraminal stenosis with symptoms of femoral neuropathy, missing right knee
25     ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and
26     wrists, pleurisy, hyper blood pressure.
27  4. Plaintiff's physical infirmities alleged above do both of the following:
28

Exhibit C

    a.  Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

    b.  Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5. Plaintiff has a history of impairments stated in the preceding paragraph.

6. Plaintiff is regarded as having a physical conditions that limit major life activities.

7. Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



8. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9. The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

2

Exhibit C

10. Defendant owns, operates, leases, or leases to a lodging business located at 427 West Water Street, Santa Fe, NM 87501 ("Hotel").

11. On or about May 24, 2020, Plaintiff travelled from his home through Albuquerque to Santa Fe.

12. Prior to traveling to Santa Fe, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.

13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures:

| BOOKING WEBSITES – ACCESSIBILITY INFORMATION |
| --- |
| **NO ACCESSIBILITY INFORMATION** |
| **Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii). |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 24, 2020. |
| DECEPTIVE DISCLOSURES |
|  |



3

Exhibit C

VANESSIE SANTA FE
NEW MEXICO

# RECOMMENDED ON

tripadvisor®

## RESORT FEE - $30.00/PER ACCOMMODATION PER NIGHT

Vanessie charges a resort fee of $30, per accommodation, per day. This will be charged to your incidental card on file or may be remitted in Cash. Below is the complete list of amenities included with your daily Resort Fee.

- Local Calls
- In-room Bottled Water
- In-room Coffee
- Designer Toiletries
- Daily Newspaper
- Bathrobes
- Hot Continental Breakfast
  [View Complete Breakfast Menu]

- First Bundle of Firewood ($10 per bundle afterward)
- Premium Bedding with Frette Italian Sheets
- Vanessie 24hr Fitness Room
- On-site Parking
- Late Check-out
- Room Service (Limited Hours)
- Historical Preservation (Historic District)

## CUSTOMIZE YOUR EXPERIENCE OF A LIFETIME BY HOSTING YOUR EVENT AT THE FENIXE AT VANESSIE ...

Plan more than just your stay with us. At the Fenix at Vanessie, we have many options perfect for any occasion such as wedding parties, business conferences and other special group meetings and events that require lodging, great food and top entertainment – everything you need is at your fingertips in our little slice of heaven.



4.5/5
Excellent
The Inn at
Vanessie
Hotels.com

91%
of guest
recomme
The Inn at
Vanessie
travelocity



14. Plaintiff personally visited Defendant's Hotel on or about May 24, 2020.

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

4

Exhibit C

16. Plaintiff documented that the parking space was in violation of the ADA:



**Identification.**

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking level too steep.

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No vertical signage for accessible parking.**

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No flares on ramp – encroachment on accessible parking.

8

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking level too steep.

Exhibit C

Open risers throughout.

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No handrails on stairs

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperl configured handlebars.

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No handrails on right.

13

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



Inaccessible entrance with no signage to accessible route.

20
21
22
23
24
25
26
27
28

14

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



Msues of potentially accessible route.

23
24
25
26
27
28

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Uneven surface on potentially accessible route.

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Dangerous dip on walking surface (uneven surface).**

Exhibit C

Inn at Vanessie Santa Fe
427 West Water Street Santa Fe, NM 87501
Inn: 505-984-1193 Restaurant: 505-982-9966

**Completely inaccessible.**

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 24, 2020.

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's

performance of major life activities including walking, standing, sitting, bending,

sleeping, working, climbing stairs, kicking, jumping, twisting body, running,

18

Exhibit C

reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.

19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.

20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above.

21. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

22. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.

23. The removal of accessibility barriers listed above is readily achievable.

24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

25. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE**, Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

Exhibit C

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

<u>**COUNT II**</u>
**(Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)**

26. Plaintiff realleges all allegations heretofore set forth.

27. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices defined, in part, as follows:

57-12-2 Definitions:

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

(1) representing goods or services as those of another when the goods or services are not the goods or services of another;

(2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3) causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;
                                        \*\*\*

(7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;
                                        \*\*\*

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive.

28. Defendant charges a resort fee of $30.00 for, inter alia, "on-site parking".

29. Despite the charge of $30.00 for "on-site parking", Defendant does not provide ADAAG compliant parking on site for persons with disabilities.

20

Exhibit C

30. The statement that Defendant provides "on-site parking" in exchange for a $30.00 fee is false.

31. Defendant also represents that its lodging services are of particular standard, to wit:

**CUSTOMIZE YOUR EXPERIENCE OF A LIFETIME BY HOSTING YOUR EVENT AT THE FENIXE AT VANESSIE ...**

Plan more than just your stay with us. At the Fenix at Vanessie, we have many options perfect for any occasion such as wedding parties, business conferences and other special group meetings and events that require lodging, great food and top entertainment – everything you need is at your fingertips in our little slice of heaven.

  

32. Defendant's representations creates the impression that any guest visiting Defendant's Hotel will be greeted with exceptional and excellent lodging facilities.

33. Defendant's representation does not, however, also state that mobility impaired guests will be met with an inaccessible public accommodation the true rating of which is or should be, for a mobility impaired person, less than or just barely adequate, but in no event exceptional or excellent.

34. Defendant's statements regarding its standard, quality or grade are false and fraudulent as applicable to disabled individuals.

35. Defendant's description of standard, wuality and grade raise the innuendo that it applies to all guests, not just fully abled guests, and thus creates a false and fraudulent impression.

36. Plintiff has been damaged by Defendant's violation of the UPA in an amount to be proven at trial, but in no event less than $25,000.00.

37. Defendant's lack of recognition of the rights of the disabled displayed in its marketing website, and its treatment of disabled individuals as fully bodies, is socially reprehensible and displays Defendant's ableism and segregationism.

Exhibit C

38. Defendant's conduct alleged in this Count and elsewhere in this Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages[1].

WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

C. For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

D. For costs and attorney's fees; and

E. For leave to amend this Complaint to add class action allegations; and

F. For such other and further relief as the Court may deem just and proper.

## COUNT III
### Negligence

39. Plaintiff realleges all allegations heretofore set forth.

---

[1] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187, 148 NM*. 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

Exhibit C

40. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. Defendant breached this duty.

42. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

43. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

44. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

45. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.

46. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

47. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

48. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

[2] 42 U.S.C. §12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)

Exhibit C

49. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

50. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

51. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

52. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

53. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

54. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

55. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

56. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

57. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

58. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation

[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

24

Exhibit C

to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

59. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence and/or negligence per se; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 22nd day of June, 2020

                    **PETER STROJNIK**

                    Plaintiff

25

Exhibit C

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**


Peter Strojnik,

        Plaintiff,

v.                             **Case No. D-101-CV-2020-01554**

Water Street Inn, LLC d/b/a
The Inn at Vanessie,              **Judge Matthew J. Wilson**

        Defendant.

## NOTICE OF NOTICE OF REMOVAL

        Please take notice that on the 27th day of August 2020, Defendant Water Street Inn, LLC

d/b/a The Inn at Vanessie ("Defendant") filed a Notice of Removal of the above-captioned action

in and to the United States District Court, District of New Mexico, pursuant to 28 U.S.C. § 1441.

A copy of the Notice of Removal without exhibits is attached hereto as **Exhibit A**.


                        Respectfully Submitted,

                        JACKSON LEWIS P.C.


                        By*: /s/ Jay J. Athey*
                           Danny W. Jarrett
                           Jay J. Athey
                        800 Lomas Blvd. NW, Suite 200
                        Albuquerque, NM 87102
                        (505) 878-0515
                        Danny.Jarrett@jacksonlewis.com
                        Jay.Athey@jacksonlewis.com
                        **Attorneys for Defendant**

Exhibit D

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that we electronically filed the foregoing pleading through the State of New Mexico's Odyssey File & Services System on the 27th day of August 2020 and sent a copy via email to:

Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020
ps@strojnik.com


*/s/ Jay J. Athey*
Jay J. Athey


4837-0418-4521, v. 1

2

Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

Peter Strojnik,

    **Plaintiff,**

v.             **Case No.**

Water Street Inn, LLC d/b/a
The Inn at Vanessie,

    **Defendant.**

<u>**NOTICE OF REMOVAL**</u>

  Pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1441(a) and (b), Defendant Water Street
Inn, LLC d/b/a The Inn at Vanessie n/k/a Vanessie Properties LLC ("Defendant") provides
notice of the removal of the above-captioned action from the First Judicial District Court, State
of New Mexico, County of Santa Fe ("State Court") to the United States District Court for the
District of New Mexico (the "Notice").  As grounds for this Notice, Defendant states as follows:

### I. <u>INTRODUCTION</u>

  1.  Plaintiff Peter Strojnik ("Plaintiff") filed his Complaint on or about July 20, 2020
with the First Judicial District Court, County of Santa Fe, New Mexico (the "State Court"),
styled as *Peter Strojnik v. Water Street Inn, LLC d/b/a The Inn at Vanessie* (the "Complaint").
*See* State Court docket, attached as Exhibit A.

  2.   Plaintiff served the Complaint on Defendant through its registered agent on July
28, 2020.

  3.  Plaintiff alleges in the Complaint that Defendant violated the Americans with
Disabilities Act ("ADA"), the New Mexico Unfair Practices Act, and the common law of
negligence.  *See* Complaint, ¶ 1, attached as Exhibit B.

1

Exhibit A                   Exhibit D

4.      The predominant allegations in the Complaint are ADA violations.  *See generally*, Ex. B.

## II.      FEDERAL QUESTION JURISDICTION IS PROPER

5.      The crux of Plaintiff's Complaint is a claim for relief under federal law, namely the Americans with Disabilities Act.

6.      Specifically, Plaintiff alleges violations of 42 U.S.C. § 12101, *et seq.* and 28 C.F.R. Part 36.  Ex. B at ¶¶ 1, 7, 9, 13, 15, and 19-25.

7.      Plaintiff's claims arise under the laws of the United States, which provides original jurisdiction to this Court pursuant to 28 U.S.C. § 1331.

8.      Further, Plaintiff requests injunctive and other relief specifically authorized under federal law.  *See* Ex. B at ¶ 25 (referencing 42 U.S.C. 2000a – 3, 42 U.S.C. 12188(a)-(b), and 28 C.F.R. 36.501(a)-(b)).

9.      Accordingly, original jurisdiction is proper in this Court.

## III.      SUPPLEMENTAL JURISDICTION IS PROPER

10.      The ADA provides the predominant basis for Plaintiff's allegations against Defendant.  *See* Ex. B at 1-19.

11.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  *See supra*, § II.

12.      Count I in Plaintiff's Complaint is specifically directed at alleged violations of Plaintiff's civil rights under the ADA.  Ex. B at 19-20.

13.      Counts II and III in Plaintiff's Complaint are for Violations of New Mexico's Unfair Practices Act and Negligence, respectively.  *Id.* at 20-25.

14.      Counts II and II, however, are based on the same conduct – the alleged ADA violations.  Accordingly, they are sufficiently related to the federal claims so as to form part of the same case or controversy.  *See, e.g.,* Ex. B at ¶ 29 (referencing ADA violation in claim for

Exhibit A                                        Exhibit D

violation of NM UPA), ¶ 40 (referencing ADA in negligence claim to establish duty owed by Defendant to Plaintiff).

15.    As such, this Court has supplemental jurisdiction over the additional claims alleged by Plaintiff.  *See* 28 U.S.C. § 1367(a).

16.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which requires that notice be filed within 30 days of receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

17.    This Court is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending.

18.    A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as Exhibit C.

19.    Defendant has requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ. 81.1(a).

20.    A copy of the docket sheet from the State Court action is attached hereto as Exhibit A.

21.     Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal and a copy of this Notice were filed concurrently with the First Judicial District Court, State of New Mexico, County of Santa Fe.

22.    The Notice of Notice of Removal filed in State Court, without exhibits, is attached hereto as Exhibit D.

3

Exhibit A                                   Exhibit D

Respectfully submitted,

JACKSON LEWIS P.C.

By  */s/ Jay J. Athey*
    Jay J. Athey
    Danny W. Jarrett
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
 (505) 878-0515
Jay.Athey@jacksonlewis.com
Danny.Jarrett@jacksonlewis.com
**Attorneys for Defendant**

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on this 27th day of August, 2020, and sent a copy via email to counsel for Plaintiff:

**Peter Strojnik**
**7847 N. Central Ave.**
**Phoenix, AZ 85020**
**ps@strojnik.com**
**Plaintiff, pro se**
ps@strojnik.com

JACKSON LEWIS P.C.

By:  */s/Jay J. Athey*
    Jay J. Athey

4

Exhibit A                                          Exhibit D